UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                       Case No 6:14-BK-11433-CCJ
                                                                             Chapter 7
BARBARA B. STAGE,

        Debtor.
_____

JOYCE TURNER,

        Plaintiff,

    v.                                                                    Adv. Pro. No. _____

BARBARA B. STAGE,

        Defendant.
_____/

## COMPLAINT OF CREDITOR, JOYCE TURNER, TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW Plaintiff, JOYCE TURNER ("Plaintiff" or the "Creditor"), by and through her undersigned counsel, pursuant to 11 U.S.C. § 523(a)(6), and files this Complaint against the Defendant, Barbara B. Stage ("Defendant" or the "Debtor"), for a determination that the Debtor's debt to the Creditor is non-dischargeable. In support thereof, the Creditor alleges as follows:

    1.    The Creditor is an individual, residing in Florida.

    2.    The Debtor is an individual residing in Orange County, Florida.

    3.    On October 10, 2014, the Debtor filed with this Court her voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). [Dkt. #1].

4. This is an adversary proceeding pursuant to § 523(a)(6) of the Bankruptcy Code for a determination of the dischargeability of a debt owed by the Debtor.

5. Proceedings to determine the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I), over which the Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b).

6. The Debtor is located within the Middle District of Florida.

7. Pursuant to 28 U.S.C. § 1409(a), a proceeding in a case under the Bankruptcy Code may be commenced in the bankruptcy court in which the bankruptcy case is pending. Venue in this Court is therefore proper.

8. The Creditor has a judgment against the Debtor for fees and costs as sanctions issued by a Florida State Circuit Court Judge pursuant to Fla. Stat. § 57.105 (the "Judgment"). The Judgment was entered on October 1, 2014, and recorded on October 7, 2014 in O.R. Book 27082, Page 49 of the Public Records of Palm Beach County, Florida.[1]

## COUNT I

**Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)**

9. The Creditor realleges and incorporates the allegations contained above in paragraphs 1-8 as if set forth fully herein.

10. The Debtor caused willful and malicious injury to the Creditor when she made a representation that a valid charging lien existed against the Creditor as the personal representative for Gary Costella ("Mr. Costella"), deceased, in the action styled *Luxury RV Lotts,*

---

[1] Just prior to the bankruptcy filing, the Creditor filed a Motion for Clarification or Rehearing Under Rule 1.530, or Alternatively, for Correction of Clerical Error under Rule 1.540. This motion seeks to clarify whether the Judgment is against Debtor personally as well as against the Law Offices of Stage and Associates, P.A., and also to correct what appears to be a mathematic or typographical error in the amount of the judgment (a difference of only 43 cents). The Creditor has previously filed a Motion for Relief from Automatic Stay with this Court requesting relief from the automatic stay of litigation against the Debtor in order to clarify the Judgment. [Dkt. # 7].

*LLC, et. al., v. Vacation Inn Resort of the Palm Beaches, Inc.*; Case No. 502010CA028244XXXXMB, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.  In reality, the Debtor knew or should have known that her claim for a charging lien was not supported by essential facts and law.  There was no evidence that the Debtor had created any recovery or benefit susceptible to a charging lien during her representation of Mr. Costella.  Further, the Debtor continued to bill Mr. Costella after his death for work on the case when he should have been dismissed as a defendant due to the plaintiff's failure to substitute Mr. Costella's estate as a party within the required period of time.  A true and correct copy of the Circuit Court's order granting the Creditor's motion for sanctions against the Debtor for bad faith and pursuant to Fla. Stat. § 57.105 is attached hereto as **Exhibit A**.

11. The Creditor was damaged by the willful and malicious conduct of the Debtor.

12. As such, the Debtor's debt to the Creditor is non-dischargeable pursuant to § 526(a)(6) of the Bankruptcy Code.

WHEREFORE, Plaintiff, Joyce Turner, respectfully requests that the Court determine the Debtor, Barbara B. Stage's debt to Plaintiff is non-dischargeable, enter a judgment declaring the Debtor's debt to be non-dischargeable, and grant any such other further relief as this Court deems just and proper.

Dated:  November 26, 2014.

    Respectfully submitted,

/s/ Kevin A. Reck
Kevin A. Reck
Florida Bar No. 505552
kreck@foley.com
**Foley & Lardner LLP**
111 North Orange Avenue, Suite 1800
Orlando, FL  32801-2386
Phone:  (407) 423-7656