ORDERED.

**Dated:  March 23, 2016**



Cynthia C. Jackson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

BARBARA B STAGE,                                   Case No.  6:14-bk-11433-CCJ
                                                   Chapter 7
     Debtor.
_____/
JOYCE TURNER,

     Plaintiff,

v.                                                 Adversary No. 6:14-ap-00168-CCJ

BARBARA B STAGE,

     Defendant.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW

     This case came before the Court on November 17, 2015, for a trial on the Complaint (Doc. No. 1).  The Court finds in favor of the Plaintiff. The Court makes the following finding of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The Debtor previously represented the Plaintiff's brother, Gary Costella, and then the Plaintiff herself as the personal representative of Mr. Costella's estate, in a state court case in south Florida (the "State Court case").[1] The State Court case involved a dispute over the rentals of recreational vehicle lots.[2] The Debtor eventually withdrew from representing the parties in the State Court case.[3] After withdrawing from representation she filed a notice of charging lien to recover fees for her work in the case.[4] The Plaintiff's new attorney sent the Debtor a Motion for Sanctions under Florida Statutes § 57.105[5] (the "57.105 Motion"), informed the Debtor her notice of lien had no basis in fact or law, and gave the Debtor the safe harbor period[6] to withdraw the lien or the Plaintiff would go forward with the 57.105 Motion. The Debtor did not timely withdraw the lien and the Motion was eventually filed in State Court.[7] The Plaintiff also filed a Motion to Strike the charging lien.[8] The Debtor ultimately withdrew her charging lien but it was 5 months after the safe harbor deadline.[9] The Plaintiff continued to pursue the 57.105 Motion. The State Court ruled on the 57.105 Motion and found that the Debtor indeed had no basis in law or fact for the assertion of her lien.[10] The State Court (the "State Court Order") also found the Debtor "knew or should have known that her claim for a charging lien was not supported by

---

[1] The Debtor represented multiple parties in the case. The State Court case was styled *Luxury RV Lotts, LLC, et al., v. Vacation Inn Resort of the Palm Beaches, Inc.*, Case No. 502010CA028244XXXXMB, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.

[2] Doc. No. 1; Doc. No. 32, PP. 1-2.

[3] Plaintiff's Exhibit 13, ¶ 4.

[4] The Debtor filed her Notice of Lien on October 23, 2013. Plaintiff's Exhibit 1(A).

[5] Fla. Stat. § 57.105(1). The Motion was originally sent to the Debtor on October 31, 2013. Plaintiff's Exhibit 1. This was to give the Debtor time to withdraw the lien before the Plaintiff actually filed the Motion with the State Court. Plaintiff's Exhibit 13, ¶ 7.

[6] Fla. Stat. § 57.105(4) ("A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.").

[7] The Motion was filed on December 2, 2013. Plaintiff's Exhibit 2; Plaintiff's Exhibit 13, ¶ 7.

[8] Plaintiff's Exhibit 1.

[9] Defendant's Exhibit 4.

[10] Plaintiff's Exhibit 13. The State Court entered its order on June 6, 2014.

essential facts or law."[11] The State Court explained that the charging lien was both legally unsupportable and untimely,[12] and ordered sanctions. The State Court then entered a final judgment (the "Judgment") for fees and costs as sanctions against the Debtor.[13] Shortly after the State Court entered the Judgment, the Debtor filed her bankruptcy case.[14]

The parties offer different explanations for why the Debtor did not withdraw the charging lien earlier. The Debtor testified that she did nothing when she initially received the 57.105 Motion because she thought it was "too late." The Debtor explained she believed the 57.105 Motion was already filed in the State Court case. There are allegations of failed communications between the Debtor and Plaintiff's counsel. The Debtor testified that she opposed the Plaintiff's Motion, insinuating she was upset when she wrote the response.[15] At trial, the Debtor stated that the Plaintiff instructed her not to engage in certain hearings in the State Court case because the Plaintiff did not want to incur fees for that work. In the Debtor's opposition to the Plaintiff's Motion, she stated she could not communicate with the Plaintiff.[16] It appears this explanation was given to justify the Debtor's failure to take certain actions in the State Court case.[17]

---

[11] Plaintiff's Exhibit 13; Plaintiff's Supplemental Doc. 1.

[12] Plaintiff's Exhibit 13.

[13] Plaintiff's Supplemental Doc. No. 1. The Judgment was entered on October 1, 2014. The Judgment included fees of $21,551 and costs of $3,211.70. The Court will consider the Judgment the Plaintiff filed in her documents after trial. The Court also notes the Judgment was attached to the Plaintiff's Proof of Claim. *See* Plaintiff's Supplemental Doc. No. 2; Main Case No. 6:14-bk-11433-CCJ Claim No. 14 (filed February 19, 2015). There is no dispute that this is the Judgment at issue. The Debtor testified to the contents of the Judgment.  The Plaintiff questioned the Debtor about the State Court evidentiary hearing held before the Judgment was entered and the records submitted justifying the award of fees. In other words, the Debtor acknowledged the Judgment in her testimony. At trial, the Plaintiff asked the Court to take judicial notice of the Judgment. The Defendant/Debtor opposed Plaintiff's request. The Court finds it appropriate to take judicial notice of the Judgment and it will be considered in this proceeding. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of . . . documents in [a prior case], which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (unpublished decision) (internal citations omitted).

[14] Main Case No. 6:14-bk-11433-CCJ, filed October 10, 2014.

[15] When presented with her response to the Motion to Strike, the Debtor stated "when they say you shouldn't write something when you're upset, they really mean that."

[16] Plaintiff's Exhibit 4. Again, the Debtor stated the Plaintiff "refused to cooperate and communicate." This is contradictory to the Debtor's testimony that the Plaintiff instructed her not to attend certain hearings.

[17] Plaintiff's Exhibit 13.

This Court finds the Debtor's explanation for her actions incredible. There is no legitimate reason for the Debtor's failure to investigate the basis for her charging lien after the Plaintiff specifically informed the Debtor that her charging lien was legally unsupportable. The Debtor was given *at least* two chances to withdraw the charging lien.  Once when the Plaintiff initially gave her a copy of the 57.105 Motion and a second time when the Plaintiff filed the 57.105 Motion and the Motion to Strike. Instead of withdrawing the lien, the Debtor dug in her heels and opposed the Motions, even making legal argument that her lien *was* supportable. This Court further finds that the State Court was familiar with the Debtor's explanation for her actions, held an evidentiary hearing on the matter, and still ordered sanctions. The only legal question is whether the Debtor's actions rise to the level of a willful and malicious injury because, by the complaint, the Plaintiff seeks to except the judgment from the Debtor's discharge under Section 523(a)(6) of the Bankruptcy Code.[18] The Plaintiff must prove her claim by a preponderance of the evidence.[19]

Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity."  To prevail under Section 523(a)(6), the Plaintiff must prove the Debtor "1) deliberately and intentionally; 2) injured the [P]laintiff or the [P]laintiff's property; 3) by a willful and malicious act."[20] Willfulness and malice are separate requirements.  "'Willfulness' implies intentional behavior; 'malice' connotes a malevolent purpose for the debtor's action."[21] "A debtor commits a willful injury when he commits an

---

[18] Doc. No. 1.
[19] Fed. R. Bankr. P. 4005; *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).
[20] *In re Howard*, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001) (citing *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1163-65 (11th Cir. 1995)).
[21] *In re Howard*, 261 B.R. at 520.

intentional act to cause injury or which he knows is substantially certain to cause injury."[22] "Substantial certainty exists if a debtor knew and appreciated the substantial likelihood of injury to the party objecting to discharge."[23]   A malicious act is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will."[24]

At trial, the Debtor argued that her actions were negligent and not willful. In doing so she points to the language of the State Court Order that she "knew or *should have known*" that her charging lien was not supportable.[25] After carefully considering the position of the parties, the Debtor's testimony, and the record, the Court finds that the Debtor knew that continuing to pursue her charging lien would cause the Plaintiff to incur additional legal fees to defend this claim. The Debtor was put on notice that her charging lien had no basis in law or fact and yet continued to maintain she was entitled to fees. The Court also finds the Debtor's actions were wrongful and without just cause. Had the Debtor read, researched, and taken the Plaintiff's 57.105 Motion seriously, the Debtor would have easily discovered that her lien was untenable. The Debtor chose to, at best, completely ignore the 57.105 Motion,[26] and at worst, intentionally pursue a legally unsupportable claim. The Debtor then opposed and argued against the Motion to Strike despite the overwhelming authority against her position. These actions willfully and maliciously injured the Plaintiff, and therefore meet the § 523(a)(6) standard.

For the reasons set forth above, the Court finds the Judgment nondischargeable under Section 523(a)(6) of the Bankruptcy Code.

---

[22] *In re Dowdell*, 406 B.R. 106, 114 (Bankr. M.D. Fla. 2009); *In re Vestal*, 256 B.R. 326, 329 (Bankr. M.D. Fla. 2000).
[23] *In re Vestal*, 256 B.R. at 329.
[24] *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995) (quoting *In re Ikner,* 883 F.2d at 991 (quoting *Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 n. 4 (11th Cir.1987))) (internal quotations omitted).
[25] Plaintiff's Exhibit 13 (emphasis supplied).
[26] Despite the Debtor's own testimony that she received and at least "glanced over" the Motion.

Kevin A. Reck is directed to serve a copy of this Order/Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Order/Memorandum Opinion.